UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY NASH,

                Petitioner,                              Civil Case Number 04-10105

                                                Criminal Case Number 01-20032-BC

v.                                              Honorable David M. Lawson

                                                Magistrate Judge Charles E. Binder

 UNITED STATES OF AMERICA,

                Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On April 21, 2004, petitioner Corey Nash filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The motion raised issues concerning the effective assistance of Nash's trial and appellate counsel, and the Court referred the matter to Magistrate Judge Charles E. Binder to conduct a hearing if necessary and file a recommendation and report. Magistrate Judge Binder filed his report on August 25, 2004 recommending that the motion be denied. The Court has recently learned that the petitioner filed timely objections to the report and recommendation, and the matter is now before the Court for *de novo* review.

Nash was charged in a two-count indictment with controlled substance offenses, and he entered into a plea agreement pursuant to which he pleaded guilty to knowingly distributing five grams or more of cocaine base (crack cocaine). As part of the plea agreement, Nash acknowledged that he was accountable for distributing between twenty and thirty-five grams of crack cocaine. The parties anticipated a Sentencing Guideline range of 100 to 125 months based on a net offense level of 25 (base level of 28 less three levels for acceptance of responsibility) and a criminal history category of V. The parties agreed in the plea agreement that the sentence would not exceed the

midpoint of the Guideline range ultimately determined by the Court, but acknowledged that the Court would make an independent determination of that range.  A sentencing hearing was held at which time the Court determined that the petitioner's net offense level was 25 as anticipated, but the government objected to the recommended criminal history category of V, contending that two additional points should be added because the relevant conduct occurred within two years of the defendant's release from prison.  Nash also objected to the criminal history scoring and argued that one of his misdemeanor convictions should not be scored.  The Court adjourned the hearing to allow the parties to gather their evidence, and on October 22, 2002 Nash conceded the point, although he argued for a downward departure.  The Court determined Nash's criminal history required a category of VI, which yielded a Guideline range of 110 to 137 months.  The Court sentenced Nash to the bottom of the range – 110 months – which fell below the midpoint of the range anticipated in the plea agreement.

Nash filed an appeal, which was affirmed after appellate counsel filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738 (1967).  Throughout the proceedings in this Court and the court of appeals, Nash was represented by David Koelzer, a deputy defender with the Federal Defender Office.

Nash argues that Mr. Koelzer failed to provide him with effective assistance of counsel as required by the Sixth Amendment because (1) Koelzer led the petitioner to believe he was pursuing appellate arguments when instead he filed an *Anders* brief; (2) counsel failed to file a motion to suppress count one of the indictment; (3) Mr. Koelzer deliberately misled the petitioner as to the consequences of his guilty plea and sentence; and (4) the petitioner never knowingly waived his right to appeal.  The magistrate judge did not conduct an evidentiary hearing because he found that

the record of the plea proceedings and Mr. Koelzer's own affidavit adequately described the facts.
He then rejected each of the petitioner's arguments in turn. He applied the familiar test announced
by the Supreme Court twenty-two years ago in *Strickland v. Washington*, 466 U.S. 668 (1984), and
concluded that Mr. Koelzer's filing an *Anders* brief was appropriate because the record disclosed
no meritorious appellate issue. The magistrate judge also found that Mr. Koelzer conducted a
thorough investigation and interviewed the informant, and his ultimate conclusion that there were
no grounds to suppress the evidence was reasonable. Moreover, the magistrate judge observed that
the guilty plea waived any representation defects that occurred during pretrial proceedings, citing
*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The magistrate judge concluded that the petitioner's
claims of misrepresentation were belied by his acknowledgments at the plea hearing. Finally, the
magistrate judge found that the record of the plea hearing wherein the petitioner explicitly
acknowledged that he understood the language in the plea agreement that he was waiving his right
to appeal his conviction undercut his claim that he never waived that right.

In his objections, the petitioner essentially repeats the arguments that were rejected by the
magistrate judge. He says that Mr. Koelzer failed to mount an effective challenge, which resulted
in a "grossly disproportionate" sentence. He suggests that his sentence was cruel and unusual, and
that some of the issues in the presentence report were unresolved (although he does not specify
which ones). The petitioner also asserts that Mr. Koelzer failed to conduct any meaningful
investigation into the case, and he should have challenged the search which resulted in the seizure
of the crack cocaine that formed the basis for the charge in count one of the superseding indictment.

As the magistrate judge observed, the two-prong test set forth in *Strickland v. Washington*
governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir.

2005).  To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  *Id*. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  The first prong of the test remains the same.  *Ibid.*  However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  *Id*. at 59.  In other words, the defendant must

show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Based on these precedents, the Court must agree with the magistrate judge that Mr. Koelzer's performance met or exceeded the level of reasonableness under prevailing professional norms. The record does not disclose any colorable grounds upon which Nash could have attacked his guilty-plea-based conviction or sentence, and the filing of an *Anders* brief was appropriate under the circumstances of this case.

It does not appear that there was a valid basis to seek suppression of the evidence supporting count one of the indictment, since the drugs were seized incident to a traffic stop of a motor vehicle. Moreover, even if such a motion were filed and granted, it would not have had any effect on the sentence for count two because the drugs could have been considered as relevant conduct and illegally seized evidence could be considered at sentencing. *See United States v. Jenkins*, 4 F.3d 1338, 1344-45 (6th Cir. 1993).

Nash's claim that his guilty plea was involuntary because he was not informed by his attorney about the actual consequences of the plea is a claim that is not sustainable on this record. The magistrate judge thoroughly reviewed the plea colloquy wherein all of the consequences of pleading guilty under the plea agreement were painstakingly explained to the petitioner, and he acknowledged his understanding of what he was doing.

The petitioner's suggestion that his sentence was cruel and unusual has no merit either. He was sentenced within the applicable Sentencing Guidelines range, which also was within the range agreed in the plea agreement despite an increase in the criminal history score. Moreover, he did not

raise that issue on direct appeal, so his claims are procedurally barred unless he can establish both

cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Even if his contention

that his appellate counsel was ineffective were found to establish cause – which is not the case here

– there is not showing of prejudice resulting from the length of the petitioner's sentence.

The Court finds that the magistrate judge correctly determined that the petitioner's counsel

performed consistent with prevailing professional norms, and the petitioner was not denied his Sixth

Amendment right to the effective assistance of counsel. The petitioner's objections to the magistrate

judge's recommendation lack merit.

Accordingly, it is **ORDERED** that the petitioners objections to the report and

recommendation [dkt # 49] are **OVERRULED**, and the magistrate judge's report and

recommendation is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate, set aside, or correct his

sentence [dkt # 40] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for summary judgment [dkt #50] and

motion to expedite hearing on motion for summary judgment [dkt # 51] are **DENIED**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: November 3, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on November 3, 2006.

> s/Felicia M. Moses
> FELICIA M. MOSES

---